Elijah C. St. Clair *v.* Kansas City, Memphis & Birmingham Railroad Company.

1. Pleading and Practice. *Demurrer. Contract.*

The validity, force or effect of a contract cannot be considered on the hearing of a demurrer to a declaration averring that such contract was never made.

2. Railroads. *Ticket agent. Connecting line. Quarantine.*

If a ticket agent of a railroad company, knowing of quarantine regulations prohibiting travel on a particular route. of which his principal is the initial carrier, other routes being open, induce a person who is ignorant of the facts to buy a ticket by said route, assuring him of noninterference in traveling on the ticket, and the purchaser is prevented from reaching his destination by quarantine officers and the employes of a connecting carrier, constituting a part of the route over which the ticket was sold, the initial carrier will be liable for the resultant damages.

From the circuit court of Lee county.

Hon. Eugene O. Sykes, Judge.

St. Clair, the appellant, was the plaintiff in the court below; the railroad company was defendant there.

The declaration averred that the plaintiff was employed by a druggist in Tallahassee, Fla., at a monthly salary, which was to begin as soon as he could reach that city and commence work; that he bought a ticket from the ticket agent of appellee at Tu-

pelo, from that place, over defendant's road and connecting roads, to Tallahassee; that he was carried by appellee's road to Birmingham, and over the Louisville & Nashville road, the connecting line, to Montgomery, Ala., at which point he was taken in charge by quarantine officers, with the aid of the employes of the Louisville & Nashville road, detained and guarded, then taken to Mobile, from which place he was sent to St. Louis, where he remained several days before he was permitted to go on to Tallahassee; that at the time of the purchase of the ticket the quarantine regulations at Montgomery prohibited persons from Mississippi entering the city. These regulations were at the time well known to defendant's ticket agent and were unknown to plaintiff; that said ticket agent assured plaintiff, as an inducement to purchase a ticket over said route, that he would not be interfered with in traveling on said ticket by quarantines; that there were other routes from Tupelo to Tallahassee open at the time, as the ticket agent well knew. Plaintiff sued for loss of salary and damages for distress of mind, etc. To this declaration a demurrer was interposed, which was sustained, and, plaintiff declining to amend, suit was dismissed.

*Blair & Anderson*, for appellant.

The wrongful act complained of was the sale of the ticket to the plaintiff under the circumstances. The fact that through the intervention of causes not wrongful, to wit, the acts and conduct of the quarantine officers of the State of Alabama and of the employes of the Louisville & Nashville Railroad, injury resulted to the plaintiff, does not relieve the defendant from liability. If the wrongful sale of the ticket was the proximate cause of the injury, the defendant is liable therefor, regardless of where the injury occurred. Cooley on Torts (2d ed.), top p. 76, side p. 71; *Louisville, etc., R. R.* v. *Mask*, 64 Miss., 738; *Alabama, etc., R. R.* v. *Brooks*, 69 Miss., 168.

The declaration shows further that the plaintiff did not sign,

assent to or know of the printed stipulation on the ticket.   *Mobile, etc., R. R. Co.* v. *Weiner*, 49 Miss., 725.

The wrongful sale of the ticket by the defendant was the proximate cause of the injury complained of.   *Louisville, etc., R. R.* v. *Mask*, 64 Miss., 738; *Alabama, etc., R. R.* v. *Brooks*, 69 Miss., 168; *Meyer* v. *King*, 72 Miss., 1; *McLaurin* v. *Telegraph Co.*, 70 Miss., 26; *Alexander* v. *Telegraph Co.*, 66 Miss., 161; *Barbee* v. *Reese*, 60 Miss., 906.

*J. W. Buchanan*, for appellee.

Since the decision of this court in the case of *Railway Co.* v. *Holmes*, 75 Miss., 388, it is not an open question as to the validity and binding force of a contract limiting appellee's liability to its own line, and unless there is something to distinguish the case at bar from that case, we submit that the court below properly sustained the demurrer.

The declaration shows that appellant, after being safely carried by appellee to Birmingham, was received as a passenger by the Louisville & Nashville Railroad, its connecting line, on the ticket sold by appellee, as agent of the latter company, and was safely carried over the line of the Louisville & Nashville Railroad a distance of 150 miles or more to Montgomery, Ala., where he was arrested by the quarantine officers of the State of Alabama, with the aid and consent of the Louisville & Nashville Company's employes; when and where the damages, if any, were caused to appellant.

In the Holmes case the Illinois Central Company, acting as agent of the Alabama & Vicksburg Company in selling the ticket to Mrs. Holmes to Meridian, a point on the Alabama & Vicksburg road, by mistake made out the ticket to Vicksburg, on the Alabama & Vicksburg road, but in the opposite direction from Meridian, the point of her destination.   Mrs. Holmes had her baggage checked to Meridian, and on arriving safely at Jackson, Miss., the end of her journey on the Illinois Central road, took what she thought to be her train to Meridian.

When the conductor came around he notified her that her ticket read to Vicksburg, and not to Meridian. She explained that there must have been an error made by the agent in selling her the ticket. The conductor declined to receive this explanation and put her off the train in Pearl river bottom, whereupon she sued both the Alabama & Vicksburg and the Illinois Central companies. The court below gave a peremptory instruction for the Illinois Central Company, and the jury rendered a verdict for $500 against the Alabama & Vicksburg Company. *Holmes* v. *Railroad Co.*, 75 Miss., 388.

This court correctly held that there was no liability on the part of the Illinois Central Company, which was acting as agent of the connecting line under a contract of carriage similar to the one in the case at bar. And in our case here there was no mistake on the part of the appellee in acting as the agent of the connecting line.

"In general, when a person acts and contracts avowedly as the agent of another, who is known as the principal, his acts and contracts within the scope of his authority are considered acts and contracts of the principal and involve no personal liability on the part of the agent." 1 Am. & Eng. Enc. L., (2d ed.) p. 1119.

There is nothing to show that the appellee exceeded its authority as agent in selling the ticket. The connecting line recognized the agency and the validity of the contract entered into by appellee as its agent, by accepting appellant as a passenger on its train and by receiving the ticket for passage to Montgomery, Ala.

As this court, in the Holmes case, has held that there was no liability on the part of the original carrier, there certainly can be no liability on the part of appellee under the allegations of the declaration. The wrongs and oppression complained of in appellant's declaration were caused by the quarantine officers of the State of Alabama, in connection with the aid and consent of the employes of the Louisville & Nashville Railroad, a

different corporation, and one over which appellee had no control.

If the ticket contract is binding, we cannot comprehend how the appellee can be made liable for the wrongs and injuries that happened to appellant long after his leaving appellee's line, and more than a hundred miles beyond the place to which it agreed to carry him.

Admitting for the sake of argument that the appellee made a mistake in selling appellant the ticket, still, under the facts alleged in the declaration, this error on the part of appellee, as agent, was the remote and not the proximate cause of the delay and other injuries claimed in the declaration. Moreover, the mistake, if any, was the mistake of the appellee as agent, and if there was any liability it was on the part of the principal—not the appellee.

WHITFIELD, J., delivered the opinion of the court.

The demurrer admits it to be true that "the stipulations in the ticket plaintiff never signed or assented to, and that plaintiff never knew of their existence until recently," etc. The ticket (made an exhibit) shows it was never signed. But the demurrer admits also that no such contract was ever "assented to." That is the end of the argument on this point. The case of *Alabama, etc., Ry. Co.* v. *Holmes*, 75 Miss., 388, was a case which went to the jury on proof that such a contract was made. It was wholly out of place when cited in support of a demurrer which admits that no such contract was ever "assented to." But, further, the demurrer admits that the employes and officers of the Louisville & Nashville R. R. Co. aided the quarantine officers in the alleged wrongful treatment, and that "when plaintiff bought his ticket from the agent of defendant the said agent informed plaintiff that he could go through on said ticket to the city of Tallahassee without hindrance from quarantine regulations or other causes; that the quarantine regulations of no state he had to pass through

would hinder him; that the ticket was not sold subject to quarantine regulations; that plaintiff believed and relied on these statements of the agent; that these statements were the cause of his buying said ticket and attempting the route he did when other routes were then available to him; that at the time he bought the ticket the same quarantine regulations were then in force in the State of Alabama that were in force when he reached Montgomery, and that all this the agent knew when he sold the ticket, and of all this the plaintiff was ignorant.'' All this the demurrer admits. It is perfectly manifest that this was a case for plea and proof—not for a demurrer.

*Reversed, demurrer overruled and remanded.*

